# Third District Court of Appeal

## State of Florida

Opinion filed February 9, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-838; 3D21-839
Lower Tribunal Nos. 15-7011; 16-3422

_____

**Valerie Lawrence and James Lawrence,**
Appellants,

vs.

**Hazel Bartelds Declaration of Trust, et al.,**
Appellees.


Appeals from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Michael A. Saracco (Cocoa), for appellants.

Touron Law, and Francisco Touron, III; Taylor Espino Vega, PLLC, and Vanessa A. Van Cleaf, for appellees.


Before, LOGUE, MILLER, and GORDO, JJ.

PER CURIAM.

Valerie and James Lawrence appeal the trial court's final orders finding them liable for battery, exploitation and abuse of a vulnerable adult, and conversion, and separately invalidating Mrs. Lawrence's quitclaim deed purporting to take an interest in property held by the Hazel Bartelds Declaration of Trust. We conclude the trial court's findings, following a bench trial, were supported by the testimony and evidence, and we therefore affirm.

The trial court heard evidence that shortly after Hazel Bartelds underwent brain surgery, her daughter and son-in law, the Lawrences, who were living in Mrs. Bartelds' home at the time, brought her to an attorney to execute a quitclaim deed to her home property. There was testimony from family members, Mrs. Bartelds' treating physician, and Mrs. Bartelds herself that her diagnosis of brain cancer was affecting her ability to communicate and perceive the events around her.

The trial court further heard testimony and received evidence that over the following months, the Lawrences cut off Mrs. Bartelds' communication with her other family members and influenced her to write them checks for over $100,000.00. Mrs. Bartelds' isolation eventually culminated in a successful escape attempt, by which she used a neighbor's phone to contact her son and take her away from her home. Along with the other facts presented to the trial court, this was sufficient to show that Mrs. Bartelds

2

lacked capacity to execute the quitclaim deed and that the Lawrences abused a confidential relationship with Mrs. Bartelds for their own pecuniary gain.

Finally, the trial court did not err in failing to strike the amended complaint, which was properly filed in accordance with Florida Rule of Civil Procedure 1.190(a) and answered by the Lawrences.

Affirmed.